NO









NO. 12-09-00360-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

AARON RAY WILLIAMS,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

PER
CURIAM

Aaron
Ray Williams appeals his conviction for felony theft, for which he was
sentenced to imprisonment for ten years.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386
U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
was charged by indictment with felony theft and pleaded “guilty.”  The
indictment further alleged that Appellant had previously been convicted of two
state jail felonies.  Appellant pleaded “true” to these two enhancement
allegations.   

Subsequently,
the trial court conducted a bench trial on punishment.  At the conclusion of
the trial on punishment, the trial court found Appellant “guilty” as charged,
found the enhancements to be “true,” and sentenced Appellant to imprisonment
for ten years.  This appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s counsel filed a brief in
compliance with Anders v. California and Gainous v. State. 
Appellant=s counsel
states that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  He further relates that he is well acquainted
with the facts in this case.  In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. [Panel Op.] 1978), Appellant=s
brief presents a chronological summation of the procedural history of the case
and further states that Appellant=s
counsel is unable to raise any arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s
counsel has moved for leave to withdraw.  See also In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the
motion for consideration with the merits.  Having done so and finding no
reversible error, Appellant=s
counsel=s motion for
leave to withdraw is hereby granted and the appeal
is dismissed.[2]

Opinion delivered September 1, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









[1]
Counsel for Appellant had certified that he provided Appellant with a copy of
this brief.  Appellant was given time to file his own brief in this cause.  The
time for filing such a brief has expired and we have received no pro se brief.





[2] Counsel has a duty to, within five days of the date
of this opinion, send a copy of the opinion and judgment to Appellant and advise
him of his right to file a petition for discretionary review. See Tex. R. App.  P. 48.4; In re
Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review
of this case by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review on his behalf or he must
file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See In
re Schulman, 252 S.W.3d at 408 n.22.